IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARLON GERARDO PALMER,  :
:
    Petitioner  :
:  CIVIL NO. 1:11-CV-0318
:
    v.  :  Hon. John E. Jones III
:
:
MARY E. SABOL, *et al.*,  :
:
    Respondents  :

## **MEMORANDUM**

July 21, 2011

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

On February 15, 2011, Petitioner Marlon Gerardo Palmer ("Petitioner" or "Palmer"), a detainee of the United States Immigration and Customs Enforcement ("ICE") Office, who is confined at the York County Correctional Facility in York, Pennsylvania, initiated the above action *pro se* by filing a Petition for Writ of Habeas Corpus ("Petition") under the provisions of 28 U.S.C. § 2241. (Doc. 1). He challenges his continued detention by ICE and seeks his immediate release. For the reasons set forth below, we shall dismiss the Petition as premature.

Also pending before the Court are Palmer's Motion for Reconsideration of our February 16, 2011 Order to Show Cause and his Motion requesting that we stay these

proceedings pending a decision by the United States Court of Appeals for the Third Circuit on his request for a panel rehearing following the denial of his petition for review and grant him an extension until thirty (30) days after the issuance of that decision to submit a reply brief in this matter. (Docs. 5, 11.) For the reasons explained below, the Motions will be denied.

**FACTUAL BACKGROUND**

Palmer is a national and citizen of Costa Rica. (Doc. 7-1, Ex. A, IJ Decision, at 2.[1]) He originally entered the United States in 1967 as a lawful permanent resident. (*Id.*) On April 1, 1996, Palmer made a threatening phone call to a Pennsylvania judge who had incarcerated Palmer for failing to pay certain fines. (Doc. 13-1, 4/5/11 3d Cir. Op., at 3.) On February 5, 1997, Palmer was convicted by a jury sitting in the Berks County Court of Common Pleas for the offenses of retaliation for past official action, terroristic threats, and criminal harassment. (*Id.*; Doc. 7-2, Ex. B, Decision to Continue Detention, at 2.) Palmer was sentenced to a term of imprisonment of three (3) to twenty-three (23) months and six (6) years probation. (Doc. 7-2 at 2.)

On December 17, 2002, Palmer was resentenced because of a probation violation to a term of imprisonment of one (1) to six (6) years, with a maximum

---

[1]Throughout this Memorandum, citations to page numbers refer to the numbers generated by the CM/ECF System.

release date of December 10, 2008.  (*Id.*)

On June 20, 2008, while Palmer still was in state custody, ICE initiated removal proceedings by serving him with a Notice to Appear charging him with removability pursuant to section 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony.  (Doc. 7-1 at 2; Doc. 13-1 at 3.)  On October 10, 2008, Palmer was released from state custody into ICE custody.  (Doc. 7-2 at 2.)

In an Order dated March 11, 2009, an immigration judge explained his determination that Palmer was ineligible for a waiver of deportability under INA § 212(c) because he was incarcerated for at least five (5) years as a result of his terroristic threats conviction, and he therefore ordered Palmer removed from the United States to Costa Rica.  (Doc. 7-1.)  Palmer appealed to the Board of Immigration Appeals ("BIA") arguing that he was prejudiced as a result of his former counsel's ineffective assistance and also arguing that he was eligible for 212(c) relief because it was error to count the time he spent in jail for violating probation as time during which he was incarcerated for his terroristic threats conviction.  (Doc. 7-3, Ex. C, 7/19/09 BIA Decision.)  Palmer's appeal was dismissed by the BIA on July 19, 2009.  (*Id.*)

On August 6, 2009, Palmer filed an Emergency Stay of Removal and Petition

for Review with the United States Court of Appeals for the Third Circuit at Docket Number 09-3290.  (Doc. 7-2 at 2.)  By Order dated August 12, 2009, the Third Circuit granted Palmer a stay of removal.  (Doc. 7-4, Ex. D, 8/12/09 Order.)  On February 9, 2011, the Third Circuit submitted Palmer's petition for review to a panel for decision without oral argument.  (Doc. 7-5, Ex. E, Copy of Third Cir. Docket #09-3290, at 5.)

On April 5, 2011, after a Response had been filed to the instant Petition, the Third Circuit denied Palmer's petition for review, but did not lift its stay of removal.  (Doc. 13-1.)  On April 25, 2011, Palmer filed a motion for reconsideration with the Third Circuit that was construed by the Court as a petition for panel rehearing.  (Doc. 13-2, Third Circuit Docket #09-3290, at 6.)  By Order dated April 27, 2011, the Third Circuit granted Palmer's motion to attach exhibits to his request for reconsideration and docketed his Petition for Panel Rehearing.  (*Id.*)

Our review of the Third Circuit docket[2] as of the date of this Memorandum reveals the following additional developments:

On May 10, 2011, the Third Circuit denied Palmer's Petition for Panel Rehearing.  However, on June 3, 2011, the Court vacated its May 10 Order and granted Palmer's emergency motion to amend his previous motion for

---

[2]*See* United States Court of Appeals for the Third Circuit, Docket # 09-3290, available through the Public Access to Court Electronic Records ("PACER") System at http://www.pacer.gov.

reconsideration. The June 3 Order states that "[t]he Court will consider the Petitioner's document dated April 18, 2011 with exhibits, the document dated May 1, 2011, and the Motion dated May 13, 2011 when determining whether panel rehearing should be granted." In addition, while the Court's June 3 Order denied the "Motion by Petitioner to Stay or Continue Stay of Removal Pending Outcome of the Court of Appeals and U.S. Supreme Court for 60-Days of the Final Decision," the Court still did not lift its stay of removal. On June 16, 2011, Palmer filed a motion requesting leave to exceed the page limitation in his amended motion for reconsideration. This motion remains pending as of the date of this Memorandum.

**PROCEDURAL BACKGROUND**

On February 15, 2011, Palmer filed the instant Petition, which he indicated was "emergency" and "life threatening" in nature. (*See* Doc. 1 at 1.) Upon screening Palmer's Petition and attached exhibits, and performing independent research utilizing the Immigration Court Information System, provided by the Executive Office for Immigration Review ("EOIR") and PACER System, we learned that Palmer's removal from the United States had been stayed by the United States Court of Appeals for the Third Circuit and that the stay remained in place while his petition for review was awaiting decision in that Court. (*See* Doc. 4 at 2-3.) We therefore determined that, inasmuch as Palmer did not face immediate removal, his challenge to his continued

detention does not warrant emergency relief.  (*See id.* at 3.)  Based upon our finding that emergency relief was not warranted, in directing service of the Petition, we directed Respondents to answer the Petition within the twenty-one (21) day time frame that we normally would set for filing a response to a § 2241 habeas petition. (*See id.* at 4 ¶ 3.)

On March 2, 2011, Palmer filed a Motion for Reconsideration from our February 16, 2011 Show Cause Order that will be disposed of herein.  (Doc. 5.)

On March 9, 2011, a Response (Doc. 7) to the Petition and supporting exhibits (Docs. 7-1 through 7-6) were filed on behalf of Respondents by the United States Department of Justice Civil Division Office of Immigration Litigation.  On March 18, 2011, Palmer requested a thirty (30) day extension of time to file a reply brief.  (Doc. 9.)  In support of his request, Palmer explained that his access to the law library was limited, and he therefore required additional time to perform legal research and to make copies in order to properly file a reply.  (*See id.*)  By Order dated March 21, 2011, we granted Palmer's Motion and stated that he may file a reply on or before April 22, 2011.  (Doc. 10.)

In a Motion mailed to the Court on April 20, 2011, and docketed on April 25, Palmer requests that we stay these proceedings pending a decision by the Third Circuit on his request for a panel rehearing following the denial of his petition for

review and grant him an extension until thirty (30) days after the issuance of that decision to submit his reply.  (*See* Doc. 11.)  By Order dated April 26, 2011, we directed Respondents to file a response to Palmer's Motion on or before May 6, 2011.  (Doc. 12.)  On May 5, 2011, Respondents filed a Response to the Motion.  (Doc. 13.)  Accordingly, the Motion is fully briefed and ripe for disposition.

We turn first to a discussion of Palmer's pending Motions before explaining our disposition of the Petition.

**DISCUSSION**

**I.      Motion for Reconsideration**

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.  *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).  In order to prevail, a party seeking reconsideration must demonstrate one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available previously; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

In his Motion for Reconsideration, Palmer asserts that this Court made an error of law and/or fact in our February 16, 2011 Order.  (*See* Doc. 5 at 1.)  Specifically, he requests that we reconsider what he identifies as a "clerical error" and "controlling

language" in a footnote in that Order in which we observe that Palmer states in his Petition that he faces life threatening dangers from an alleged lack of medical care for a variety of medical problems, and clarify that, to the extent he seeks relief based upon a claim that he has received inadequate medical care, he would be required to pursue that claim in a properly filed civil rights action. (*See id.*) Palmer states that this Court erred because he identified his Petition as one seeking habeas corpus relief under the provisions of 28 U.S.C. § 2241 and did not seek money damages. (*See id.* at 1-2.) He requests that this Court "overrule" our Show Cause Order and "reverse the 'clerical error'" because he maintains that his Petition is an emergency. (*See id.* at 2.)

Palmer has failed to demonstrate any basis for reconsideration of our Order. In our Show Cause Order, we explained that our determination that Palmer's challenge to his continued detention did not warrant emergency relief was based upon the fact that, because he is subject to a stay of removal, he does not face immediate removal. (*See* Doc. 4 at 3.) In stating that finding, we included our footnote to acknowledge the allegations that Palmer had made in his Petition regarding an alleged lack of medical care and to clarify that, to the extent he seeks relief with regard to those allegations, he must do so through a properly filed civil rights action. (*See id.* n.2.) It is of no moment if Palmer was *not* in fact seeking relief with respect to his allegations concerning an alleged lack of medical care because we properly construed his Petition

8

as one challenging his continued detention by ICE, and we directed Respondents to respond to the Petition. Further, Palmer has not provided any reason to alter our determination that, because he does not face immediate removal from the United States, his challenge to his detention is not an emergency. Accordingly, Palmer has not demonstrated that reconsideration of our Show Cause Order is warranted, and we shall deny his Motion for Reconsideration.

**II.     Motion for Extension of Time and to Stay Proceedings**

Also pending is Palmer's second Motion requesting an extension of time to file his reply brief and also requesting a stay of these proceedings pending a decision by the United States Court of Appeals for the Third Circuit on his request for a panel rehearing following the denial of his petition for review. (Doc. 11.) In his Motion, Palmer explains that the Third Circuit denied his petition for review on April 5, 2011, but that his motion for reconsideration from that decision is pending in that Court, and therefore, the decision on the petition for review is not yet final. Our review of the Third Circuit docket following our receipt of Palmer's Motion confirmed that his petition for review had been denied on April 5 and that, by Order dated April 20, the Third Circuit had construed a motion filed by Palmer as his request for a panel rehearing. As stated in the procedural background section, *supra*, Palmer's request for a panel rehearing is not yet ripe for disposition. In the instant Motion, Palmer requests

9

that we stay these proceedings and grant him an extension until thirty (30) days after the Third Circuit issues its final decision to file his reply brief here.

In their Response to the instant Motion, filed on May 5, 2011 pursuant to this Court's April 26, 2011 Order, Respondents state that they have no position on Palmer's request for a stay because, regardless of whether this Court stays this proceeding, where Palmer remains subject to a stay of removal, he will remain detained. (*See* Doc. 13 at 3.) However, Respondents also provide an analysis of the factors that this Court should consider in determining whether a stay is warranted, and their analysis suggests that a stay is not warranted. (*See id.* at 3-6.) As reflected by the following discussion, we agree with Respondents' analysis.

"A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Pa. State Troopers Assoc. v. Pawlowski*, Civil No. 1:09-CV-1748, 2011 WL 9114, at *1 (M.D. Pa. Jan. 3, 2011) (Kane, C.J.) (quoting *Leyva v. Certified Grocers of Cal., Ltd.,* 593 F.2d 857, 863-64 (9th Cir. 1979)). In order to determine whether a stay is warranted, a court should consider the following factors: "(1) the length of the requested stay; (2) the 'hardship or inequity' that the movant would face in going forward with the litigation; (3) the injury that a stay would inflict upon the non-movant; (4) whether a stay will simplify

issues and promote judicial economy." *Id.* (citing *Landis v. N. Am. Co.,* 299 U.S. 248, 254-55 (1936); *CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc.,* 381 F.3d 131, 135-36 (3d Cir. 2004)).

With regard to the first factor, the entry of a stay of indefinite duration is strongly discouraged and "can itself constitute an abuse of discretion." *Dover v. DiGuglielmo*, 181 Fed. Appx. 234, 237 (3d Cir. 2006) (citing *Landis*, 299 U.S. at 255). In the instant case, the stay that Palmer seeks would be for an indefinite period of time inasmuch as he seeks a stay of these proceedings for thirty (30) days following the Third Circuit's decision on his request for panel rehearing as to the denial of his petition for review. As of the date of this Memorandum, the motion for reconsideration is not yet fully briefed in that Palmer has filed a motion for enlargement of the page limitation that remains pending. Therefore, it is unknown when the motion will become ripe for consideration and when it will be decided, and consequently, if this Court were to enter a stay, it would be of an indefinite duration.

In considering the second factor, we find that Palmer would not suffer hardship or inequity if we proceed to dispose of the instant Petition. To the contrary, it would appear that he potentially would suffer more hardship if a stay were entered in that, where his request for relief in these proceedings is for an order directing his release from detention, a stay only would prolong his detention.

As to the third factor, we find that Palmer will not suffer a legal injury if we proceed to dispose of his Petition. As we will more fully explain below in disposing of the Petition, although the Third Circuit issued a decision on Palmer's petition for review during the course of these proceedings, it has not lifted its stay of his removal. Accordingly, he is in the same situation as he was the day he filed the instant Petition- he is an alien who is subject to a final order of removal with a stay of removal in place. Thus, our disposition of the Petition is the same as it would have been had the instant Petition become ripe before the Third Circuit decided the petition for review. Specifically, we must dismiss the Petition because, as explained below, the ninety (90) day period during which ICE must remove Palmer is stayed while the Third Circuit's stay of removal remains in place, and thus Palmer's challenge to his continued detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001) is premature. Consequently, our decision not to stay these proceedings will not cause Palmer to suffer a legal injury regardless of the ultimate outcome of his petition for panel rehearing in the Third Circuit. If we were to enter a stay and he does not ultimately prevail on his petition for panel rehearing, upon the entry of the order denying his request, at which time we presume that the Third Circuit also would lift Palmer's stay of removal, as discussed *infra*, Palmer's challenge under *Zadvydas* still would be premature because he would resume his ninety (90) day removal period under 8

U.S.C. § 1231(a) during which his detention would be mandatory.[3] Following the expiration of this ninety (90) day removal period, Palmer still would be in the presumptively reasonable period of detention to bring about his removal that is constitutionally permissible under *Zadvydas*.[4]

If we were to enter a stay, and Palmer prevails on his motion for panel rehearing, and the panel ultimately directs the reopening of his immigration proceedings, he no longer would be subject to an order of removal. As such, the authority for his detention would change from 8 U.S.C. § 1231 to 8 U.S.C. § 1226 pending the final resolution of his immigration proceedings. Thus, the instant Petition either would be subject to dismissal as moot, or supplemental briefing by the parties would be required. We further observe that, because our dismissal of the instant Petition will be without prejudice, Palmer will not suffer a legal injury because he would be able to file a subsequent habeas petition if necessary in the future.

Finally, we find that the entry of a stay in this case neither will simplify the issues before this Court nor promote judicial economy. To the contrary, for the reasons discussed in the foregoing paragraphs, it is likely that the issues would become more complicated and that supplemental briefing potentially would be

---

[3]*See infra* note 6.

[4]*See infra* note 7.

required, thus defeating judicial economy.

Based upon the foregoing analysis, we will deny Palmer's Motion to Stay. In addition, because it is evident for the reasons set forth below that Palmer's challenge to his detention in the instant Petition is premature and that we must therefore dismiss the Petition, any argument offered by Palmer in his reply brief would be futile, and therefore, we will deny his request for a second extension of time to file a reply brief and proceed to dispose of the Petition. We now turn to our discussion of the disposition of the Petition.

### III. Palmer's Petition for Writ of Habeas Corpus

In his Petition, Palmer asserts that this Court should follow the approach of other Circuits that have determined that, where an alien's petition for review is pending, and a stay of removal has been entered, the alien's detention is governed by 8 U.S.C. § 1226(b), rather than 8 U.S.C. § 1231(a). (*See* Doc. 1 at 18.) In support of his argument, Palmer cites *Prieto-Romero v. Clark*, 534 F.3d 1053 (9th Cir. 2008) and *Casas-Castrillon v. DHS*, 535 F.3d 942, 951 (9th Cir. 2008). (*See id.*)

This Court previously had adopted the approach suggested by Palmer. Specifically, in previous cases, this Court concluded that, where a petitioner is subject to a stay of removal pending resolution of a petition for review of a removal order entered by an immigration court, and the petitioner was convicted of an aggravated

14

felony or violating controlled substance laws, he continues to be subject to the mandatory detention provisions of 8 U.S.C. § 1226 pending the disposition of the petition for review. *See Scott v. BICE*, Civil No. 4:05-CV-2174, 2006 WL 1290381, at *3 (M.D. Pa. May 10, 2006) (Jones, J.); *Morena v. Gonzales*, Civil No. 4:05-CV-0895, 2005 WL 3277995, at *3 (M.D. Pa. Dec. 2, 2005) (Jones, J.)  In addition, at least one other Member of this Court adopted this approach in *Duhaney v. U.S. Dept. of Homeland Security*, Civil No. 4:09-CV-0366, 2009 WL 3182513, at *3-*4 (M.D. Pa. Sep. 30, 2009) (McClure, J), and in doing so, relied on the unpublished decisions of the Third Circuit in *Vasquez v. Immigration and Customs Enforcement*, 160 Fed. Appx. 199 (3d Cir. 2005) (unpublished) and *Castellanos v. Holder*, 337 Fed. Appx. 263, 268 (3d Cir. 2009) (unpublished).

However, since the issuance of these decisions, in a more recent opinion, *Leslie v. U.S. Att'y Gen.,* 363 Fed. Appx. 955, 957-58 (3d Cir. Feb. 4, 2010) (unpublished), the Third Circuit has taken the position that, upon the dismissal of an appeal by the BIA, an order of removal entered by an immigration judge becomes final, and at that point, ICE detains an alien under 8 U.S.C. § 1231(a), which authorizes post-final order detentions, rather than under 8 U.S.C. § 1226.[5]  363 Fed. Appx. at 957-58 (citing 8

---

[5]Admittedly, *Leslie*, like *Castellanos* and *Vasquez*, is an unpublished decision; however, we rely on it because it is a more recent decision, and the facts in the instant case are more similar to those presented in *Leslie* than to those presented in the former cases.

C.F.R. § 1241.1(a) ("An order of removal made by the immigration judge at the conclusion of proceedings . . . shall become final . . . [u]pon dismissal of an appeal by the Board of Immigration Appeals.")). The ninety (90) day "removal period" pursuant to § 1231(a)(1)(B)(i) during which detention is mandatory then begins.[6] *Rodney v. Mukasey*, 340 Fed. Appx. 761, 764-65 (3d Cir. Aug. 7, 2009) (unpublished). Nevertheless, where an alien files a petition for review and the Circuit Court grants a stay of removal, the ninety (90) day "removal period" pursuant to § 1231(a)(1)(B)(i) has not yet begun, and therefore, any challenge by the alien to his continued detention under *Zadvydas* on the basis that it violates the Constitution is

---

[6]Title 8 U.S.C. § 1231(a) gives the Attorney General ninety (90) days to remove an alien from the United States after an order of removal. During this ninety (90) day period, detention is mandatory. 8 U.S.C. § 1231(a). Section 1231(a)(1)(B) specifically provides:

> The removal period begins to run on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). At the end of the ninety (90) day period, ICE may continue to hold the alien, or it may grant supervised release. 8 U.S.C. §§ 1231(a)(3) & (6). The discretion to detain an alien under § 1231(a) is limited by the Fifth Amendment's Due Process clause. *See Zadvydas,* 533 U.S. at 693-94.

premature.[7] *Id.*; *Leslie*, 363 Fed. Appx. at 958; *Torres v. Wagner*, 198 Fed. Appx. 173, 174 (3d Cir. Oct. 4, 2006) (unpublished). *See also Ponta-Garcia v. Lowe*, Civil No. 3:10-CV-1930, slip op. at 7 (M.D. Pa. Feb. 28, 2011) (Conaboy, J.) (Doc. 7-6 at 8).

Based upon the most recent guidance that has been provided by the Third Circuit, we find that Palmer's current detention is governed by 8 U.S.C. § 1231(a). Thus, applying the above framework to the instant case, upon the dismissal of his appeal from the immigration judge's removal order by the BIA on July 19, 2009, Palmer's ninety (90) day removal period began to run. *See* 8 C.F.R. § 1241.1(a); 8 U.S.C. § 1231(a)(1)(B)(i). Palmer subsequently filed his petition for review with the Third Circuit, and on August 12, 2009, after twenty-four (24) days had run on his ninety (90) day removal period, the Third Circuit entered a stay of removal pending disposition of his petition for review. Therefore, the ninety (90) day removal period also is stayed, and Palmer's detention continues to be governed by § 1231(a). *See*

---

[7]In *Zadvydas*, the United States Supreme Court interpreted § 1231(a)(6) to include "an implicit limitation" on detention. *Id.* at 689. The Court determined that "[§ 1231(a)(6)], read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." *Id.* "[F]or the sake of uniform administration in the federal courts" the Court recognized six (6) months as a presumptively reasonable period of detention. *Id.* at 701. Further, the Court determined that, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

*Leslie*, 363 Fed. Appx. at 957-58; *Rodney*, 340 Fed. Appx. at 764-65.  Consequently, any challenge to the length of Palmer's detention under *Zadvydas* is premature, and we therefore must dismiss the instant Petition.  However, our dismissal will be without prejudice to Palmer's ability to re-file a petition for writ of habeas corpus in the event that, following the conclusion of his petition for review proceedings, his detention continues beyond the presumptively reasonable period permitted by *Zadvydas*.  An appropriate Order will enter.